UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALTON E. DEAN, | ) | 1:12-cv–00753-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING CONDITIONS |
| | ) | CLAIMS WITHOUT LEAVE TO AMEND |
| | ) | (Doc. 1) |
| v. | ) | |
| | ) | ORDER DISMISSING PETITIONER'S |
| ON HABEAS CORPUS, | ) | MOTION TO INCLUDE PROOF OF |
| | ) | ONGOING HEALTHCARE VIOLATIONS AS |
| Respondent. | ) | MOOT (Doc. 6) |
| | ) | |
| | ) | ORDER DIRECTING THE CLERK TO MAIL |
| | | A CIVIL RIGHTS FORM TO PETITIONER |

ORDER TO PETITIONER TO SHOW CAUSE
IN THIRTY (30) DAYS WHY THE
REMAINDER OF THE PETITION SHOULD
NOT BE DISMISSED FOR PETITIONER'S
FAILURE TO EXHAUST STATE COURT
REMEDIES
(Doc. 1)

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 15, 2012 (doc. 5). Pending before the Court is Petitioner's petition, which was filed in this Court on May 8, 2012.

1

In the petition, Petitioner primarily challenges the procedures used, and the results reached, at prison disciplinary hearings concerning violations of prison rules that allegedly occurred on April 8, 2012, and April 18, 2010. He also appears to challenge prison conditions involving inadequate medical treatment and retaliatory threats.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to

the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Conditions of Confinement

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

Petitioner complains that on April 8, 2012, a prison doctor violated Petitioner's rights by denying Petitioner's serious medical needs with deliberate indifference by failing to prescribe medication needed by Petitioner; retaliatory charges

3

were filed against Petitioner after he complained about medical care; correctional officers threatened Petitioner with placement in a different yard for his having fallen out of a wheel chair; Petitioner suffered unspecified attacks from other inmates; and a prison doctor discriminated against Petitioner with respect to medical care on the grounds of race.  (Pet. at 1, 3, 26, 30, 32, 52.)

These allegations concern conditions of confinement and not the legality or duration of Petitioner's confinement.  Thus, with respect to these allegations, Petitioner is not entitled to habeas corpus relief, and the claims concerning conditions of confinement must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate form complaint to Petitioner.

      III.   <u>Motion to Include Proof of Ongoing Healthcare Violations</u>

On May 17, 2012, Petitioner filed a motion to include in his petition proof of allegedly ongoing healthcare violations.  In the motion, Petitioner referred to another case pending in this district, <u>Alton E. Dean. v. Dr. Sharfenberg</u>, case number 1:12-cv-00648-AWI-GSA-PC.  In that case brought pursuant to 42 U.S.C. § 1983, Petitioner complained of some of the conditions of confinement, such as alleged denials of medical care, that must be dismissed from the present habeas corpus petition.

Petitioner's motion concerns his claims concerning conditions of confinement.  Because those claims are being

4

dismissed without leave to amend, Petitioner's motion concerning proof of those claims will be dismissed as moot.

### IV. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and

6

>federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 44 8 F.3d at 1154.

It appears that Petitioner has failed to exhaust state court remedies with respect to the claims in the petition that do not simply concern the conditions of Petitioner's confinement. Petitioner attaches to the petition he filed in this Court a petition for writ of habeas corpus filed in the Kings County Superior Court on April 16, 2012, in which he raised some of the issues raised in the present petition. (Pet. 41, 64-69.) Petitioner stated in that petition that other than a direct appeal, he had not filed any other petitions or applications with respect to the issues in question in any other court. (Pet. 69.) Petitioner has not alleged in the petition before this Court that he has presented the issues raised in this petition to the California Supreme Court.

The Court takes judicial notice of information posted on the

official website of the California Courts[1] with respect to filings in the California Supreme Court by Petitioner. Petitioner's filings all predate the adjudications of disciplinary violations of which Petitioner complains in the petition before this Court. The most recent habeas filing was In re Alton E. Dean, case number S201522. The docket of that case reflects that Petitioner filed the petition in that proceeding on April 6, 2012, and the petition was denied on April 25, 2012.

Therefore, upon review of the instant petition for writ of habeas corpus and the information on the official website of the California courts, it appears that Petitioner has not presented his numerous claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's claims concerning conditions of confinement are DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 28 U.S.C. § 1983; and

2) The Clerk is DIRECTED to mail to Petitioner a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a person in custody; and

3) Petitioner's motion to include proof of ongoing healthcare violations is DISMISSED as moot; and

4) Petitioner is ORDERED to show cause why the remaining claims in the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 30, 2012**                     **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE

9