UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | 1:12-cv–00753-BAM-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 8)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (Doc. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 15, 2012 (doc. 5). Pending before the Court is Petitioner's petition, which was filed in this Court on May 8, 2012, as well as Petitioner's response to the Court's order to show cause why the petition should not be dismissed for failure to exhaust state court

remedies.

I. Background

In the petition, Petitioner complained of inadequate medical treatment and retaliatory threats and conduct on the part of prison staff. Petitioner also challenged the procedures used at two prison disciplinary hearings concerning violations of prison rules involving Petitioner's "cheeking" or failing to swallow medications on February 19, 2012 (pet., doc. 1, 34-36), and his wilfully delaying peace officers in the performance of their duty by pretending to have a seizure, requiring medical attention, and thereby obstructing official duty on April 18, 2012 (id. at 49-51). Petitioner suffered losses of time credits as a result of the disciplinary findings.

Because much of the petition challenged conditions of confinement, the Court dismissed the petition without leave to amend insofar as it alleged claims concerning conditions of confinement.

Petitioner's claims concerning the disciplinary findings affected the duration of Petitioner's confinement. The Court noted that Petitioner had established that he filed a petition for habeas relief in the state superior court. However, Petitioner did not allege that he had presented his habeas claims to the California Supreme Court. The Court took judicial notice of information posted on the official website of the California Courts[1] with respect to filings in the California Supreme Court

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,

2

by Petitioner.  At the time the OSC issued, the most recent habeas filing was In re Alton E. Dean, case number S201522.  The docket of that case reflects that Petitioner filed the petition in that proceeding on April 6, 2012, and the petition was denied on April 25, 2012.  The second disciplinary finding of which Petitioner complained did not occur until April 27, 2012 (pet. 49-50).  Thus, the Court concluded that it appeared that Petitioner had not exhausted state court remedies with respect to his claims.  The Court thus issued an order to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

     Petitioner filed a timely response to the order to show cause.  Petitioner appended numerous documents to the one-hundred-forty-six-page response, including a copy of a petition captioned for the California Supreme Court.  (Response, doc. 9, 139-45.)  The Court notes from a review of the official website of the California Courts that Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in In re Alton Eugene Dean, case number S203178, on June 8, 2012.  Although the copy of the petition appended to Petitioner's response is not file-stamped and does not contain a case number, it purports to be signed and dated by Petitioner on June 5, 2012.  It will be inferred that the petition appended to the response has been filed in the California Supreme Court.

---

333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

II. <u>Discharge of the Order to Show Cause</u>

Because Petitioner filed a timely response to the Court's order to show cause that issued on May 30, 2012, the order to show cause will be discharged.

III. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

(9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

IV. Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

5

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

6

> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the Court's review of the copy of the petition filed in the California Supreme Court does not reflect that Petitioner raised there the issues he seeks to raise here concerning a violation of due process rights based on the failure to appoint a staff assistant and failure to have witnesses present. (Pet. 2-4.) In the petition before the California Supreme Court, Petitioner complained of inadequate medical treatment, retaliation for having had a history of seizures, and false accusations of cheeking crushed medications without swallowing them and delaying an officer or officers in the performance of duties. (Doc. 9, 141-44.) As the Court's order dismissing Petitioner's conditions claims indicated, complaints concerning

retaliation and inadequate medical treatment relate solely to conditions of confinement and thus are appropriately set forth in a civil rights complaint.  Thus, the fact that Petitioner has raised them by way of a habeas petition in the state courts does not function to make them proper claims in a petition pursuant to 28 U.S.C. § 2254.  Although Petitioner did allege in the petition filed in the California Supreme Court that the accusations of cheeking and delaying officers were false, these allegations did not serve to alert the state courts that Petitioner was complaining of the failure to permit witnesses to testify at the disciplinary proceedings or the failure to assign a staff assistant to Petitioner.  Indeed, the allegation that the disciplinary accusations were false does not even contain sufficient allegations of fact to alert the state courts that a specific due process claim was being raised.

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.  Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

In summary, Petitioner was given an opportunity to demonstrate that he has exhausted his state court remedies as to the habeas claims he seeks to raise here.  However, Petitioner failed to demonstrate that he fairly presented his due process

8

claims to the California Supreme Court.

Therefore, it is concluded that Petitioner failed to meet his burden to establish exhaustion of state court remedies.

Accordingly, the petition will be dismissed without prejudice[2] for failure to exhaust state court remedies.

V.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by the prohibition on filing second habeas petitions set forth in 28 U.S.C. § 2244(b). See, In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as follows:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

9

to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The order to show cause that issued on May 30, 2012, is DISCHARGED; and

2) ) The petition for writ of habeas corpus is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   **July 10, 2012**                    **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE